**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

THAMALASSEN SUNGARALINGUM,          Case No.:

    Plaintiff,

v.

CARNIVAL CORPORATION and
HEINEMANN AMERICAN CRUISE
RETAIL, LLC,

    Defendant.
_____/

**HEINEMANN'S NOTICE OF REMOVAL - CONVENTION ON THE RECOGNITION AND ENFORCEMENT OF FOREIGN ARBITRAL AWARDS**

    Please take notice that Defendant, HEINEMANN AMERICAN CRUISE RETAIL, hereby serves this Notice of Removal to this Court of the case styled *THAMALASSEN SUNGARALINGUM v. CARNIVAL CORPORATION and HEINEMANN AMERICAN CRUISE RETAIL, LLC* currently pending in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, Case No.: 2020-021155-CA-01 and as grounds states:

**FACTUAL BACKGROUND**

    1.    On July 27, 2019 the Plaintiff THAMALASSEN SUNGARALINGUM ("Plaintiff") entered into a Seafarer's Contract of Employment with Heinemann. *See* the Plaintiff's Seafarer's Contract of Employment attached hereto as **Exhibit "A."**

    2.    Plaintiff's home country is Mauritius, as listed in the Seafarer's Contract of Employment.

    3.    Section 20 of the Seafarer's Contract of Employment, titled Arbitration, states in relevant part:

1

> Any and all disputes arising out of or in connection with this Agreement, including any question regarding its existence, validity, or termination, or Seafarer's [Plaintiff] service on the vessel, shall be referred to and finally resolved by arbitration under the American Arbitration Association/International Centre for Dispute Resolution International Rules, which Rules are deemed to be incorporated by reference into this clause. The number of arbitrators shall be one. The place of arbitration shall be London, England, Panama City, Panama or Manila, Philippines whichever is closer to Seafarer's home country…

4. Section 21 of the Seafarer's Contract of Employment states the governing law will be "the laws of the flag of the vessel on which [Plaintiff] is assigned at the time the cause of action accrues."

5. The events of the subject Complaint occurred on the Carnival Fantasy, the same vessel identified Seafarer's Contract of Employment, which is flagged in Panama. *See* **Exhibit "A"** and Complaint at ¶ 9.

6. Likewise, Plaintiff entered into a similar contract with Co-Defendant Carnival with similar arbitration language.

7. On October 1, 2020, Plaintiff filed his Complaint against the Defendants in the Circuit Court of the Eleventh Circuit in and for Miami-Dade County, Florida, Case No.: 2020-021155-CA-01. *See* Complete Set of Papers Served Upon Heinemann attached hereto as **Exhibit "B."** *Id*. at ¶ 9, 11.

8. Plaintiff's Complaint alleges that Plaintiff was an employee of Heinemann and a borrowed servant of Carnival.

9. Plaintiff further alleges that on or about October 2, 2019, Plaintiff was injured while performing his duties as a watch specialist aboard Carnival's vessel. *Id*. at ¶ 12. Plaintiff slip and

fell on a wet, slippery and/or hazardous flooring surface while descending stairs while the vessel was in navigable waters. *Id*.

10. As a result of the alleged negligence of Defendants, Plaintiff claims that he suffered physical injuries, disability, impairment, inconvenience on the normal pursuits and pleasures of life, feelings of economic insecurity caused by disability, disfigurement, aggravation previously existing conditions, incurred medical expenses in the care and treatment of Plaintiff's injuries, suffered physical handicap, lost wages, lost income lost in the past, and his working ability and earning has been impaired. *Id*. at ¶ 17, 22.

11. The Complaint contains the following counts, all based on the same operative facts and claiming similar relief: Count I – Jones Act Negligence against Heinemann, Count II – Jones Act Negligence against Carnival, Count III Unseaworthiness against Carnival, Count IV Failure to Provide Maintenance and Cure against Heinemann, and Count V – Failure to Treat against the Defendants.

12. Heinemann was allegedly served on November 3, 2020. *See* Return of Service for Heinemann attached hereto as **Exhibit "C."**

### I.     Jurisdiction – Federal Question

This Court has subject matter jurisdiction under 28 U.S.C. § 1331, which confers original jurisdiction of "all civil actions arising under the Constitution, laws, or treaties of the United States." Removal is supported by federal question under 28 U.S.C. §§ 1441 and 1446.

This Court has original jurisdiction over this matter under the Convention On The Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), which provides: "[a]n action or proceeding falling under the Convention shall be deemed to arise under the laws and treaties of the United States. The district courts of the United States (…) shall have original

jurisdiction over such an action or proceeding, regardless of the amount in controversy." 9 U.S.C.A. § 203.

The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court has explained, "[t]he goal of the convention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto–Culver Co.*, 417 U.S. 506, 520 n.15 (1974).

Over one hundred countries have signed the Convention, including the United States, the United Kingdom of Great Britain and Northern Ireland, and Germany. In 1970, Congress enacted Chapter 2 of the Federal Arbitration Act, 9 U.S.C. §§ 201–08 ("Convention Act"), in order "to establish procedures for our courts to implement the Convention." *McDermott Int'l, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

The Convention further states that "[a]n arbitration agreement or arbitral award arising out of a legal relationship, whether contractual or not, which is considered as commercial, including a transaction, contract, or agreement described in section 2 of this title, falls under the Convention," 9 U.S.C.A. § 202. Section 2 of the Convention, 9 U.S.C.A. § 2, states:

> A written provision in any maritime transaction or a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising out of such contract or transaction, or the refusal to perform the whole or any part thereof, or an agreement in writing to submit to arbitration an existing controversy arising out of such a contract, transaction, or refusal, shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract. sates

4

Here, the Plaintiff is a resident of Mauritius, the Plaintiff entered into written contracts with each Heinemann and Carnival. Each of these contracts has a valid arbitration clause that falls under the Convention, Section 20 of the Seafarer's Contract of Employment.

Therefore, this Court has original jurisdiction pursuant to the Convention. In removing this cause, Heinemann reserves and does not waive any affirmative defenses whatsoever, including but not limited to any Rule 12 affirmative defenses, service of process and personal jurisdiction defenses, venue defenses, and the defense that Plaintiff's complaint fails to state a claim upon which relief can be granted. The Defendants also specifically preserve and give notice of their right to seek dismissal and to compel arbitration of this dispute. The Defendants will be filing a motion seeking to compel arbitration subsequent to the removal of this cause.

## II.     Propriety of Removal

This action is properly removed under 28 U.S.C. § 1441 and 9 U.S.C. § 205 to the U.S. Southern District of Florida, as the district encompasses the 11th Judicial Circuit in and for Miami Dade County, Florida in which the state court action is pending. The Convention is an international treaty that guarantees citizens of signatory countries the right to enforce agreements to arbitrate disputes. As the Supreme Court explained, "[t]he goal of the [C]onvention, and the principal purpose underlying American adoption and implementation of it, was to encourage the recognition and enforcement of commercial arbitration agreements and international contracts and to unify the standard by which the agreements to arbitrate are observed and arbitral awards are enforced in the signatory countries." *Scherk v. Alberto-Culver Co.*, 417 U.S. 506, 520 n. 15 (1974). Over one hundred countries have signed the Convention, including the United States, the United Kingdom of Great Britain and Germany. In 1970, Congress enacted 9 U.S.C. §§ 201-208 (the "Convention

Act") "to establish procedures for our courts to implement the Convention." *McDermott Int'I, Inc. v. Lloyd's Underwriters of London*, 944 F.2d 1199, 1208 (5th Cir. 1991).

This cause is properly removed based on federal question because it relates to an arbitration agreement in writing falling under the Convention. See 9 U.S.C. § 205; *Matabang v. Carnival Corp.*, 630 F. Supp. 2d 1361, 1363 (S.D. Fla. 2009) ("In Section 205 of the Convention Act, Congress authorized federal removal jurisdiction over cases relating to arbitration agreements 'falling under the Convention.' "); *see also* 9 U.S.C. § 203 (a case covered by the Convention Act confers federal subject matter jurisdiction upon a district court because such a case is "deemed to arise under the laws and treaties of the United States.").

This Court and the U.S. Court of Appeals for the Eleventh Circuit have routinely acknowledged removal and jurisdiction based on the Convention. *See Antillean Marine Shipping Corp. v. Through Transp. Mut. Ins., Ltd*., 02-22196-CIV., 2002 WL 32075793, at *3 (S.D. Fla. Oct. 31, 2002) (noting that removal was proper under 9 U.S.C. § 205 where the claims at issue must be referred to arbitration pursuant to the parties' arbitration agreement); *Indus. Risk Insurers v. M.A.N. Gutehoffnungshutte GmbH*, 141 F.3d 1434, 1441 (11th Cir. 1998) (federal subject matter jurisdiction granted where one of the parties to an arbitration agreement is domiciled or has its principal place of business outside of the United States).

Here, the requirements for removal based on federal question under the Convention are thoroughly satisfied. Section 20 of the Seafarer's Contract of Employment and Carnival's equivalent provision are arbitration provisions from an "agreement in writing" between the parties. Section 20 states that the parties agree to submit to arbitration "[a]ny and all disputes arising out of or in connection with this Agreement," such as the Plaintiff's alleged injuries that purportedly

6

occurred while he was employed by Heinemann. Additionally, at least one party to the arbitration agreement is not a citizen of the United States as the Plaintiff is a resident of Mauritius.

### III. Timeliness

Section 205 of the Convention Act expressly states that the case may be removed on this basis "at any time before trial." *Sheinberg v. Princess Cruise Lines, Ltd.*, 269 F. Supp. 2d 1349, 1352 (S.D. Fla. 2003); *Acosta v. Norwegian Cruise Line, Ltd.*, 303 F. Supp. 2d 1327, 1329 (S.D. Fla. 2003). As such, removal is timely.

### IV. Consent to Removal by All Defendants

All Defendants to this action consent to removal. In fact, Carnival will file a Notice of Joinder detailing the specific arbitration language in its agreement.

### V. Notice to Others

A copy of this Notice of Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the Circuit Court of the Eleventh Judicial Circuit in and for Miami-Dade County, Florida, pursuant to 28 U.S.C. § 1446(d).

### VI. Conclusion

In sum, the Seafarer's Contract of Employment and Carnival's equivalent contract contain valid arbitration clauses that fall under the Convention, this Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1441 and 1446 and 9 U.S.C. § 202, 203 and 205. The United States District Court for the Southern District of Florida Court is the proper federal venue for this action. This action is properly removed to this Court under 28 U.S.C. § 1441 because the Southern District of Florida embraces actions pending in Miami-Dade County, Florida, which is where the State Court Action is pending. Additionally, no previous application has been made for the relief requested herein.

WHEREFORE, Defendant HEINEMANN AMERICAN CRUISE RETAIL, LLC, respectfully requests this Court to assume jurisdiction of the above-described action now pending in the Eleventh Circuit in and for Miami-Dade County, Florida, and for such further relief as this Court deems just and proper.

Dated: November 23, 2020

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing has been furnished via email to: Michael A. Winkleman, Esq., 2 South Biscayne Boulevard Suite 1776 Miami, Florida 33131, email: mwinkleman@lipcon.com; Andrew S. Freedman, Esq., 2 South Biscayne Boulevard Suite 1776 Miami, Florida 33131, email: afreedman@lipcon.com; and Daniel W. Grammes, Esq., 2 South Biscayne Boulevard Suite 1776 Miami, Florida 33131, email: dgrammes@lipcon.com.

Respectfully submitted,

|  | KAUFMAN DOLOWICH & VOLUCK, LLP<br>100 SE 3rd Avenue, Suite 1500<br>Fort Lauderdale, Florida 33301<br>Telephone:   (954) 302-2360<br>Facsimile:    (888) 464-7982<br><br>*s/ Avery A. Dial*<br>Avery A. Dial<br>Fla. Bar No. 732036<br>Email: adial@kdvlaw.com<br><br>Cristina Hernandez Villar<br>Fla. Bar No. 102305<br>Email: cvillar@kdvlaw.com |
|---|---|