UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 20-24829-CIV-COOKE/O'SULLIVAN

THAMALASSEN SUNGARALINGUM,

    Plaintiff,

v.

CARNIVAL CORPORATION and
HEINEMANN AMERICAN CRUISE
RETAIL, LLC,

    Defendants.
    _____/

## ORDER

THIS MATTER comes before the Court on the Defendant Heinemann American Cruise Retail, LLC['s] Amended Motion to Compel Arbitration and Dismiss, or Alternatively Stay, this Proceeding (DE# 9, 11/30/20). Defendant Carnival Corporation (hereinafter "Carnival") joined in the instant motion. See Defendant, Carnival Corporation's Joinder in Defendant Heinemann American Cruise Retail's Amended Motion to Compel Arbitration and Dismiss, or Alternatively Stay Proceeding (DE# 13, 12/7/20).

One of the arguments raised in the plaintiff's response was that the defendants' arbitration provisions conflict with one another and should therefore not be enforced:

> Plaintiff is incapable of litigating his claims in two different locations and before two different arbitration associations and rules where both arbitration provisions require any and all disputes be brought in accordance with each employment cont[r]act. Accordingly, the arbitration provision is unenforceable and this honorable court should deny Defendants' motion to compel arbitration.

See Plaintiff's Response in Opposition to Defendant's Motion to Compel Arbitration (DE# 20 at 3, 1/4/21). On January 22, 2021, defendant Carnival filed a reply wherein it stated that "[f]or the limited purpose of this case only, Carnival hereby agrees to abide by the terms of the Heinemann Agreement, thereby resolving the discrepancy at issue." Defendant Carnival's Reply

Memorandum in Support of the Motion to Compel Arbitration (DE# 32 at ¶ 4, 1/22/21). Defendant Heinemann American Cruise Retail, LLC also argues that "Carnival agreed to abide by the terms of the Heinemann contract, thus resolving any conflict between the agreements." Defendant Heinemann American Cruise Retail, LLC's Reply in Support of its Motion to Compel Arbitration and Dismiss or Alternatively Stay this Proceeding (DE# 33 at 2, 1/22/21).

Because Carnival's position has changed the underlying basis for one of the plaintiff's arguments, the plaintiff should be provided with an opportunity to file a sur-reply. See First Specialty Ins. Corp. v. 633 Partners, Ltd., 300 F. App'x 777, 788 (11th Cir. 2008) (noting that "[a] district court's decision to permit the filing of a surreply is purely discretionary and should generally only be allowed when a valid reason for such additional briefing exists, such as where the movant raises new arguments in its reply brief.") (citation and internal quotation marks omitted); Coker v. Enhanced Senior Living, Inc., 897 F. Supp. 2d 1366, 1373 (N.D. Ga. 2012) (noting that "surreplies typically will be permitted only in unusual circumstances, such as where a movant raises new arguments or facts in a reply brief, or where a party wishes to inform the Court of a new decision or rule implicating the motion under review"). Here, the factual basis for one of the plaintiff's arguments has changed. Accordingly, it is

ORDERED AND ADJUDGED that the plaintiff is permitted to file a sur-reply no later than **Monday, February 1, 2021**.

DONE AND ORDERED in Chambers at Miami, Florida this **25th** day of January, 2021.

JOHN J. O'SULLIVAN
CHIEF UNITED STATES MAGISTRATE JUDGE